IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEWEL ANDERSON,

          Plaintiff,

- against -

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

          Defendant.

07 CV 6256

**ECF CASE**

**COMPLAINT**

---

Plaintiff, Newel Anderson, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for her Complaint against Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), hereby sets forth the following:

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Newel Anderson, was and still is a resident of the State of Georgia.

2. Upon information and belief, at all times hereinafter mentioned, Defendant LINA is a New York Corporation, with its principal place of business at 140 East 45th Street, New York, New York 10017 and is licensed to conduct business in the State of New York. Defendant LINA is therefore a citizen of the State of New York, pursuant to 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §1331

because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Southern District of New York is appropriate because Defendant LINA resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

6. At all relevant times hereinafter mentioned, Plaintiff was an employee of Aegon USA, Inc.

7. During Plaintiff's employment with Aegon USA, LINA issued Group Long Term Disability policy number FLK 30052 to Aegon USA (the "Policy").

8. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Aegon USA employees in exchange for the payment of premiums by Aegon USA and/or the employees.

9. At all times mentioned herein, Plaintiff was an employee eligible for disability benefits and an insured under the Policy issued by LINA.

10. Said policy issued by LINA provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

11. During the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy,                .

2

12. At the appropriate time under the Policy, Plaintiff filed a claim for long term disability benefits with LINA.

13. At all times, Plaintiff provided proof of loss to LINA demonstrating the inability to perform the duties of his occupation, and provided sufficient medical evidence to support his inability to perform the duties of any occupation, as that term is defined in the policy.

14. At all times, Plaintiff complied with all of the contractual obligations contained in the Policy.

15. Defendant LINA denied Plaintiff's initial claim for disability benefits under the Policy.

16. Plaintiff filed his Appeal for benefits pursuant to the terms of the plan and the proscriptions of ERISA.

17. By letter dated June 15, 2007, Defendant LINA issued a decision upholding its previous claim determination and refusing to accept further liability of Plaintiff's claim.

18. LINA failed to exercise any discretion regarding Plaintiff's claim, because it failed to consider the materials submitted by Plaintiff, despite the fact that the material submitted is precisely within the ERISA regulations proscriptions of materials that must be considered upon the review of claim determinations.

19. Plaintiff's claim should be reviewed on a d*e novo* standard of review.

20. As of this date, Plaintiff continues to be disabled in that he is unable to perform the essential duties of his or any occupation.

21. Plaintiff's disability is caused by, among other things, chronic fatigue syndrome, and the limitations and restrictions in functionality that result, which impact his ability

to work in his or any occupation.

22. Plaintiff cooperated with Defendant LINA, provided proper proof of loss, and otherwise complied with the policy terms and conditions regarding his claim.

23. Despite Plaintiff's continued total disability, Defendant has denied further benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

24. Said refusal to pay benefits on the part of Defendant LINA is a willful and wrongful breach of the policy terms and conditions.

25. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant LINA with the passage of each month.

26. Defendant LINA is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and is exposed to substantial future liability to Plaintiff should it accept liability for this claim.

27. Defendant LINA's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform any medical examination of Plaintiff, the selective review of medical records, the failure to accurately and appropriately understand the essential duties of Plaintiff's occupation, the biased characterization of the physical demand level of Plaintiff's job, the failure to consider Plaintiff's actual occupation as opposed to some other occupation, and the failure to consider the significant mental, emotional, concentration and stamina requirements or the duties of his occupation.

28. Defendant LINA's claim handling resulted in numerous violations of 29 CFR

§ 2560.503-1.

29. Defendant LINA's claim handling failed to provide Plaintiff with a full and fair review of his claim.

30. Defendant LINA's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant LINA's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

31. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to her with the passage of each month. Upon information and belief, arrears are now due and owing to him, since April 7, 2006, plus prejudgment interest.

**WHEREFORE**, Plaintiff Newel Anderson prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the policy of insurance issued by Defendant in that he is unable to perform the essential duties of his regular occupation;

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and is obligated to pay all benefits in arrears due and owing since the denial of benefits, plus prejudgment interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

d) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's

fees, as well as all other costs and disbursements of this action;

  e)  Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

  f)  The Court shall review this action under a de novo standard of review.

Dated:  Garden City, New York
     July 5, 2007

            By:     Justin C. Frankel
                Jason A. Newfield (JN-5529)
                Justin C. Frankel (JF-5983)
                FRANKEL & NEWFIELD, P.C.
                585 Stewart Avenue - Suite 301
                Garden City, New York 11530
                (516) 222-1600
                Attorneys for Plaintiff

X:\Shared\Anderson\Complaint.wpd