UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NEWEL ANDERSON,                                              :

                    Plaintiff,              :

        - against -                              :       07 CV 6256 (DC)

LIFE INSURANCE COMPANY OF NORTH AMERICA, :

                   Defendant.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
*Attorneys for Defendant*
*Life Insurance Company of North America*
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

Of Counsel:

    Fred N. Knopf  (FNK 4625)
    Emily A. Hayes (EH 5243)

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................1

BACKGROUND ..............................................................................................1

ARGUMENT: THIS MATTER SHOULD BE TRANSFERRED TO THE UNITED
STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
BECAUSE IT IS IMPROPERLY VENUED IN THE SOUTHERN DISTRICT OF
NEW YORK...................................................................................................2

I. Legal Standard..............................................................................................2

II. Venue in the Southern District of New York is Improper Pursuant to ERISA's
Venue Provision...............................................................................................3

III. This Matter Should be Transferred to the Northern District of Georgia ........................4

CONCLUSION.................................................................................................7

1732653.1

Defendant Life Insurance Company of North America ("LINA") by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, respectfully submits this Memorandum of Law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1406(a), and 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Northern District of Georgia.

<div align="center">PRELIMINARY STATEMENT</div>

According to the Complaint, this action arises from defendant LINA's decision to deny Plaintiff's long term disability benefits, an insured coverage under the group policy offered by Plaintiff's former employer, Aegon, USA. Plaintiff alleges that LINA, as the provider of his long term disability insurance coverage, improperly denied his claim for long term disability benefits in violation of ERISA.

This case is improperly venued in the Southern District of New York because it has absolutely no connection to the New York, and it must be transferred to another district, specifically the Northern District of Georgia, which is Plaintiff's district of residence.

<div align="center">BACKGROUND</div>

Plaintiff Newel Anderson ("Anderson" or "Plaintiff"), a resident of Georgia, was employed by World Financial Group, a subsidiary of Aegon, USA, as a computer systems architect. (Complaint ¶¶ 1, 6). As part of his employment, Anderson was a participant in an employee benefit plan ("Plan") which included, among other things, long-term disability coverage. (Complaint ¶¶ 7-9). Plaintiff states that he became disabled on or about April 6, 2006. (Complaint ¶ 11). After becoming disabled, he submitted a claim for long term disability benefits under the Plan. (Complaint ¶¶ 12-14). The claim was denied by LINA, which upheld the denial

on appeal. (Complaint ¶¶ 15-17). Plaintiff claims that the denial was improper and a violation of ERISA. (Complaint ¶¶ 23-24).

The Complaint, dated July 5, 2007, alleges that LINA's denial of Plaintiff's long term disability benefits was improper and constituted a breach of ERISA. (Complaint ¶¶ 23-24).

Plaintiff alleges that he is entitled to a declaration that he is disabled pursuant to the long term disability policy, past due long term disability benefits, a judgment that he is entitled to future long term disability benefits as long as he remains disabled, and attorneys fees and costs. (Complaint at 5-6).

<div align="center">ARGUMENT</div>

<div align="center">THIS MATTER SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA BECAUSE IT IS IMPROPERLY VENUED IN THE SOUTHERN DISTRICT OF NEW YORK</div>

I. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) provides that a motion to dismiss may be filed on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). "On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." Cartier v. Micha, Inc., 06 Civ. 4599, 2007 U.S. Dist. LEXIS 29785, at *8 (S.D.N.Y. Apr. 20, 2007) (citing French Transit, Ltd. v. Modern Coupon Sys., Inc., 858 F. Supp. 22, 25 (S.D.N.Y. 1994)).

If venue is improper, the court has the power to transfer the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a)(2007); see Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962); see also Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 80 (2d Cir. 1978) (holding that a district court may transfer a case regardless of whether it

<div align="center">2</div>

has jurisdiction over the defendants and regardless of whether or not venue is proper, if the transfer would be in the interests of justice).

Similarly, 28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district of division where it might have been brought." 28 U.S.C. § 1404(a)(2007). "District courts have broad discretion to determine convenience and justice on a case-by-case basis." Reinhard v. The Dow Chemical Co., 07 Civ. 3641, 2007 U.S. Dist. LEXIS 59242, at *9 (S.D.N.Y. Aug. 13, 2007).

## II. Venue in the Southern District of New York is Improper Pursuant to ERISA's Venue Provision

Pursuant to ERISA's venue provision, 29 U.S.C. § 1132(e)(2), an ERISA action may be brought in a federal judicial district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2)(2007); see Aetna Life & Casualty v. Owen, No. 3:04CV817, 2004 U.S. Dist. LEXIS 21136 (D. Conn. Oct. 13, 2004). This ERISA action does not meet any of those criteria, and indeed has no connection to the State of New York, and therefore venue in the Southern District of New York is improper.

Contrary to what is alleged by Plaintiff in his complaint, LINA is a Pennsylvania company with its principal place of business in Philadelphia, Pennsylvania. (See Affidavit of Richard Lodi, dated November 1, 2007 ("Lodi Aff"), ¶ 3). In addition, Plaintiff's claim was processed and reviewed in Pittsburgh, Pennsylvania. (Lodi Aff ¶ 4). The Plan was administered by the contractholder, Aegon, which is based in Cedar Rapids, Iowa. (Lodi Aff ¶ 2).

3

Plaintiff resides in Suwanee, Georgia, which is located in the Northern District of Georgia, and, according to the documents submitted to LINA, resided there throughout his claim. (Lodi Aff ¶ 5). All of his treating physicians are located in Georgia, with the exception of one physician who is located in North Carolina. (Lodi Aff ¶¶ 5-6). Therefore, the Plan and claim for benefits underlying this case have no connection whatsoever to this District, and venue is not proper here.

### III. This Matter Should be Transferred to the Northern District of Georgia

In lieu of dismissing this matter the Court may, pursuant to 28 U.S.C. § 1406(a), transfer this matter to the Northern District of Georgia. Transfer would also be appropriate pursuant to 28 U.S.C. § 1404(a).

When determining whether transfer is appropriate, there is a two step inquiry: whether the case could have properly been brought in the transferee court, here the United States District Court for the Northern District of Georgia, and, if so, "whether considering the convenience of the parties and witnesses and the interest of justice, a transfer is appropriate." Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (citations omitted).

This case clearly could have been brought in the Northern District of Georgia. As stated above, and alleged in the complaint, Plaintiff is a resident of the Northern District of Georgia. (Complaint ¶ 1). See Aetna Life & Casualty v. Owen, No. 3:04CV817, 2004 U.S. Dist. LEXIS 21136, at *9 (D. Conn. Oct. 13, 2004) ("Here, there is no question that venue . . . would be proper in the Northern District of Georgia, where defendant resides.").

In determining whether transfer is proper, courts look at a number of factors, none of which is determinative: "(1) plaintiff's choice of forum, (2) location of operative facts, (3)

convenience of the parties and witnesses, (4) location of documents and ease of access to sources of proof, (5) relative means of the parties, (6) forum's familiarity with governing law, (7) trial efficiency, and (8) the interests of justice." Cohn v. Metropolitan Life Ins. Co., 07 Civ. 0928, 2007 U.S. Dist. LEXIS 39161, at *4 (S.D.N.Y. May 31, 2007).

Plaintiff has chosen the Southern District of New York as his forum, and will likely argue that this choice should not be disturbed. Ordinarily, a plaintiff's choice of forum should not be disturbed "unless the balance of the factors weighs strongly in favor of transfer." Caville v. Malibu Toys, Inc., No. 03 Civ 9727, 2004 U.S. Dist. LEXIS 12514, at *9 (S.D.N.Y. July 7, 2004)(citations omitted). However, in a situation such as this case where the chosen forum is neither the plaintiff's home forum nor the forum where the majority (or any) of the operative facts took place, the presumption is significantly lessened. See Sinochem v. Malaysia Int'l Shipping Corp., 127 S. Ct. 1184, 1191 (2007) ("When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981)); Cohn, 2007 U.S. Dist. LEXIS 39161 at *6-8, Herbert Ltd. P'shp. v. Electronic Arts, Inc., 325 F. Supp. 2d 282, 291 (S.D.N.Y. 2004) (holding that plaintiff's choice of forum will receive less deference because it is not the plaintiff's home district nor the district where the majority of the operative facts took place).

As discussed above, none of the operative facts in this matter occurred in New York. Plaintiff, a resident of Georgia, worked for World Financial Group in Georgia, a subsidiary of Aegon, USA, which is based in Iowa. (Complaint ¶¶ 1, 6; Lodi Aff ¶ 2). Aegon administered the long term disability plan in Iowa. The long term disability coverage was provided by LINA, a Pennsylvania company based in Philadelphia and with claims operations in Pittsburgh. (Lodi Aff

5

1729451.1

¶¶ 3-4). Plaintiff's physicians are located in Georgia and North Carolina. (Lodi Aff ¶¶ 5-6). Only Plaintiff's counsel is located in New York, and case law clearly holds that this is not a relevant factor in making a decision whether to transfer venue. See Reinhard, 2007 U.S. Dist. LEXIS 59242, at *16-17 n.11 (". . . convenience of counsel is not a factor to be weighed in a motion to transfer.").

The convenience of the parties and of non-party witnesses "is an important factor: indeed, certain courts in this district have called it 'probably the single-most important factor in the analysis of whether transfer should be granted." Reinhard, 2007 U.S. Dist. LEXIS 59242, at *11-12 (citations omitted).  Many of the potentially relevant witnesses are in Georgia:

1. Plaintiff obtained medical treatment in Georgia from 2006, his claimed date of disability, to the present.

2. Plaintiff's disability was certified by Georgia physicians, including Dr. Lawrence-Elliott.

3. Plaintiff's disability also received medical treatment in North Carolina from Dr. Charles Lapp.

4. Plaintiff lives in the Northern District of Georgia.

Other potentially relevant witnesses are in states other than New York. Plaintiff's former employer is in Iowa and LINA is in Pennsylvania, including all claims reviewers who reviewed Plaintiff's claim in Pittsburgh.

Plaintiff may argue that the convenience of the witnesses should be disregarded in this ERISA matter because the scope of the Court's review is limited to the administrative record. However, unless the Plaintiff concedes that an arbitrary and capricious standard of review applies, it is possible that the Court would use its discretion to allow discovery and/or consider

6

evidence outside the administrative record in making a *de novo* review, in either the Second Circuit or the Eleventh Circuit.

In the Second Circuit, a court on de novo review may in its discretion and after a finding of good cause, admit additional evidence outside the administrative record. See Locher v. UNUM Life Ins. Co. of America, 389 F.3d 288, 293-94 (2d Cir. 2004); DeFelice v. American Int'l Life Assurance Co. of N.Y., 112 F.3d 61, 66-67 (2d Cir. 1997).

In the Eleventh Circuit, the Court has the discretion to look beyond the administrative record when conducting a de novo review. See Shaw v. Connecticut General Life Ins. Co., 353 F.3d 1276, 1284 n.6 (11th Cir. 2003) ("[D]e novo review permits the parties to put before the district court evidence beyond that which was presented to the administrator at the time the denial decision was made.").

As a result, there is the potential that medical and employment documentation and/or testimonial evidence from numerous Georgia witnesses, as well as witnesses in North Carolina, Pennsylvania and Iowa, will be deemed necessary for the Court's review. None are located in New York.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court should transfer this matter to the United States District Court for the Northern District of Georgia pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a).

1729451.1

WHEREFORE, Life Insurance Company of North America respectfully requests that this Court enter an order transferring this matter to the United States District Court for the Northern District of Georgia.

Dated: White Plains, New York
      November 1, 2007

<div style="margin-left:3em">

DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA

By: _Emily a. Hayes_

Fred N. Knopf (FNK 4625)
Emily A. Hayes (EH 5243)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000
(914) 323-7001 (fax)

</div>

8

## CERTIFICATION

I certify that on November 1, 2007, a copy of Defendant's Motion to Transfer Venue to the United States District Court for the Northern District of Georgia was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Emily A. Hayes (EH 5243)

9