IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEWELL ANDERSON,

           Plaintiff,

- against -

LIFE INSURANCE COMPANY
OF NORTH AMERICA

           Defendant.

---

CV 07- 6256 (DC)

ECF

**OPPOSITION TO MOTION TO TRANSFER VENUE**

FRANKEL & NEWFIELD, P.C.
Attorneys for Plaintiff
585 Stewart Avenue, Suite 301
Garden City, New York 11530

Of Counsel:

Jason Newfield (JN5529)
Justin Frankel (JF 5983)

## INTRODUCTION

Defendant Life Insurance Company of North America ("LINA") has submitted a motion to transfer the venue of this ERISA disability action out of the Southern District of New York. Defendant's stated basis for the motion to transfer venue is actually a misrepresentation to the Court and amounts to forum shopping, and reverse counsel shopping.[1] This Court should not countenance such blatant conduct.

Defendant's factual assertion, that Defendant does not reside or may not be found in this District, is belied by its prior position in several other litigations between Plaintiff's counsel's firm and Defendant, where Defendant has admitted that venue was proper in the Southern District of New York.[2] While these prior judicial admissions are not dispositive of the legal issue herein, it serves as some proof that LINA can be found in New York and that its current posture in this litigation is not necessarily being guided by its stated intentions. Rather, it is apparent that LINA wants to avoid litigation in this district due to prior unfavorable decisions from this district and Your Honor.

In addition, LINA conducts business with other operating entities that are part of the a larger

---

[1] Defendant, in seeking to change venue, is trying to force Plaintiff to find new counsel and remove his choice of counsel. Given that this particular case is complex medically, (Chronic Fatigue), with a limited array of Plaintiff's counsel handling such cases, Plaintiff's choice of counsel is of paramount significance.

[2] In the following actions, where my firm represented out of state Plaintiffs, LINA embraced the SDNY as the proper venue:

A. In Kastner v. LINA, 07 CV 2147, LINA admitted that venue was proper in the Southern District of New York, notwithstanding an identical fact pattern to this case, other than Plaintiff residing in Illinois. See Exhibit "A", Complaint and Answer.

B. In Walters v. LINA, LINA admitted that venue was proper in the Southern District of New York, notwithstanding an identical fact pattern to this case, other than Plaintiff residing in Illinois. See Exhibit "B", Complaint and Answer.

corporate structure - under CIGNA Disability - which serves to broaden the scope of LINA's contacts with New York, and makes jurisdiction appropriate. This issue is likely to be more fully illuminated following the discovery in the tandem case of Jane Barnes v. Life Insurance Co. of North America, 07-CV-6103 (SHS).

## BACKGROUND

This is an ERISA disability action, pursuant to § 502(a)(1)(B), seeking a declaratory judgment that Plaintiff was and is disabled under the terms of his disability plan. Plaintiff filed an initial application for disability insurance benefits in September 2006. His doctor opined that his impairment was the result of Chronic Viremia, ABN immunlogical fatigue and weakness, and multiple joint pain. He noted that the prognosis for return to work was poor. Following the denial of his claim and subsequent exhaustion of his administrative remedies, Plaintiff commenced this action.

## VENUE IS PROPER IN NEW YORK

Under ERISA, a claimant has the ability to choose its venue. See § 502(e)(2). ERISA's liberal venue provision was intended "to expand ERISA plaintiff's choice of forum and limit the forum choice of corporate fiduciaries." Vartanian v. Monsanto Co., 880 F.Supp. 63, 73 (D. Mass. 1995). LINA can be found in this district, as it has admitted to this fact in prior litigations, and as a result of its corporate nexus with CIGNA and its parent company, Connecticut General Corp. (a Connecticut corporation); see e.g., Varsic v. United States Dist. Court for Cent. Dist. of Cal., 607

F. 3d 245 (9th Cir. 1979)(discussing Congressional intent in making ERISA venue provision broad).[3]

Accordingly, Defendant LINA effectively co-exists with its sister entities/alter egos identified above, Connecticut General Corp., and CIGNA Life Ins. Co. of New York, as the personnel who handle the disability claims - like the one at issue in this case - handle claims for all of the underwriting entities, including LINA, Connecticut General Corp. and CIGNA Life Ins. Co. of New York.[4] Thus, LINA can be found in the same forums as these other entities, since LINA itself does not segregate its claim handling personnel and has them all handling claims throughout the country, including New York.

The Barrett affidavit makes clear that LINA, as well as the other underwriting entities, all operate as CIGNA, represent to the public at large, including insureds like Plaintiff, that they are CIGNA, and conduct business in a uniform manner irrespective of which underwriting entity is involved with the particular claim. Accordingly, it is not possible for LINA to seek to bifurcate its contacts with New York in litigation when it does not make any efforts to bifurcate its conduct through its entire disability insurance claims operations. Thus, LINA should be found wherever its affiliated entities operate or can be found. Defendant's argument that venue is improper in the Southern District is without merit and belied by its prior judicial admissions and its regular, ongoing

---

[3] LINA, CIGNA Life Insurance Company of New York and Connecticut General Life Insurance Company all operate conterminously, using the name CIGNA Group Insurance. Claims personnel handle disability claims from all three "underwriting" units interchangeably. See Affidavit of Dawn Barrett, dated July 13, 2006, in an action entitled United States of America, ex rel. Dawn Barrett, v. CIGNA Corporation and Life Insurance Company of North America, CV 03-12382. (Exhibit "C").

[4] As a result of this identical issue having been fully briefed and argued before Judge Stein in Barnes v. Life Insurance Co. of North America, the parties are conducting discovery addressing the very issues that will impact upon whether jurisdiction is appropriate as to LINA. We herewith attach the various discovery served by Plaintiff upon LINA's counsel as Exhibit "D".

and pervasive coterminous conduct in its disability claim handling operations.

## PLAINTIFF'S CHOICE OF FORUM SHOULD BE RESPECTED

A plaintiff's choice of forum should not be altered "unless the balance of factors weigh strongly in favor of transfer." Caville v. Malibu Toys, Inc., 2004 U.S. Dist. LEXIS 12514 (S.D.N.Y. 2004); Cohn v. Met Life, 2007 U.S. Dist. LEXIS 39161 (S.D.N.Y. 2007). Plaintiff wants to try this case in the Southern District of New York, which is his choice. This decision should not be disturbed, in the absence of compelling, countervailing evidence in favor of transfer, which Defendant cannot produce. Notably, Defendant fails to cite one ERISA case where the insured chose the forum which supports Defendant's position to transfer venue.[5]

Given that this is an ERISA action, with a presumption that the evidence in the case will be limited to the administrative record (a position that LINA's counsel has advocated many times and will surely argue in this case), there is no analysis necessary as to the location of operative facts, convenience of the parties, convenience of the witnesses, or location of documents. LINA will produce the administrative record wherever the litigation is pursued, and will attempt to prevent the production of any additional materials, witnesses, or evidence.

Moreover, LINA admits that its witnesses (who are the relevant witnesses that Plaintiff may seek to secure in discovery), are located in Pennsylvania[6], which is actually closer to New York than

---

[5] Defendant cites Aetna Life & Cas. v. Owen, 2004 U.S. Dist. LEXIS 21136 (D. Conn. 2004). However, in that case, the insurer was the plaintiff, so the liberal venue provisions of ERISA were not issue, as here. The one ERISA case with an insured plaintiff cited by Defendant was Cohn v. Metropolitan Life Ins. Co., 2007 U.S. Dist. LEXIS 39161 (S.D.N.Y. 2007), where plaintiff's choice of forum was respected by the Court.

[6] Defendant has also suggested that this case could be transferred to the Eastern District of Pennsylvania, where LINA is located.

California. And even assuming that depositions will be conducted, LINA will likely seek to have these depositions conducted either by phone or in Pennsylvania, rather than Georgia, North Carolina, or New York, urging that corporate witnesses should not be required to travel for deposition. Plaintiff would be no more able to compel LINA's witnesses to attend trial or deposition in Georgia than it would in New York. While, the convenience of witnesses is generally the most important factor, here it does not weigh in either favor. Rather, the issue of witnesses is simply a red herring presented by LINA to get away from a forum it seeks to avoid, as noted below.

To demonstrate why this argument fails, LINA has failed to make the required detailed showing via affidavit as to the expected testimony from the principal witnesses. Instead, LINA has attached documents to the Affidavit of Richard Lodi, which further underscores that LINA expects to argue the administrative record, rather than offer testimony of witnesses. Accordingly, LINA's position is no more than an abstract argument which is unsustainable to support its motion. Cohn, 2007 U.S. Dist. LEXIS 39161, at * 15.

Accordingly, Defendant has failed to carry its burden to demonstrate the "transfer promotes convenience and justice." Hershman v. UnumProvident Corp., 2007 U.S. Dist. LEXIS 30402 (S.D.N.Y. 2007). At best, LINA's efforts to transfer venue will act to "shift the inconvenience", rather than solve any such concern. Thus, that factor would be neutral.

Since, as noted above, convenience is essentially a non-factor, and justice strongly favors permitting Plaintiff's choice of counsel - in this forum, transfer would be improper. Moreover, justice would also be hampered by a transfer of venue, since the time to adjudicate the claim would be delayed in having the transferee court undertake its management of the action, rather than Your Honor - who will now be familiar with the action and be able to move the action toward a swifter adjudication.

Rather, as delineated below, LINA is seeking transfer for all of the wrong reasons, and its efforts must be rejected.

## THIS COURT SHOULD REJECT DEFENDANT'S VENUE TRANSFER REQUEST

A.  LINA is Forum Shopping

Rather than revealing that LINA wants to avoid the Second Circuit and numerous Plaintiff favorable decisions regarding discovery and standard of review issues, LINA complains that there is no connection to this District. LINA does not reveal that the Second Circuit has ruled, on several occasions, that LINA's "Book of Operating Knowledge" (its claim manual), has been ordered to be produced in the absence of confidentiality. This has made LINA extremely uncomfortable, as indicated in a recent submission by Fred Knopf, Esq., counsel for LINA here and in the Gura v. LINA action. See Levy v. INA Life Ins. Co. of N.Y., 2006 U.S. Dist. LEXIS 83060 (S.D.N.Y. 2006); and Gura v. LINA, 06 CV 15174,[7] where LINA was ordered to produce its Book of Operating Knowledge.

Given that the courts in the Second Circuit have repeatedly indicated that the Book of Operating Knowledge is discoverable, a position that LINA has strenuously opposed, it is apparent that LINA is now seeking to avoid this forum wherever possible.

B.  LINA is Reverse Counsel Shopping

LINA is essentially attempting to remove Plaintiff's choice of counsel. If this action were moved to Georgia, it would impact upon Plaintiff's counsel's ability to litigate this action. Plaintiff's

---

[7] LINA's Rule 72 objection position in Gura asserted that production of this material would enable unscrupulous claimants to use the information about how LINA evaluates claims to create false claims or generate unsubstantiated legal claims. See Exhibit "E".

7

choice of counsel is critically important in ERISA disability actions, and should not be disturbed in the absence of compelling reasons, not offered here.

Here, Plaintiff's counsel is well qualified to advocate for Plaintiff, and has litigated many cases against LINA and affiliated entities. Plaintiff's counsel is well versed on the issues facing claimants suffering from Chronic Fatigue, as Jason Newfield is a member of the Chronic Fatigue Syndrome Advisory Committee (CFSAC) in Washington, D.C., advising the Secretary for Health and Human Services on issues relating to Chronic Fatigue Syndrome.

Plaintiff believes that LINA is attempting to force Plaintiff to find new counsel, who may not be as aggressive in its pursuit of the case, who may not be as knowledgeable on the medical and legal issues involved, and who may ultimately impact the result Plaintiff achieves.

Knowing that Plaintiff's counsel is relentless in its pursuit of justice for its clients, through discovery issues, its pursuit of *de novo* review and the disposition of the case, LINA has made this application to strip Plaintiff of its important choice of counsel. While convenience of counsel is not a generally recognized factor, the issue is not one of convenience of counsel, but of choice of counsel

Accordingly, it is apparent that LINA has made strategic maneuvers in this action in an effort to avoid this judicial forum and to remove Plaintiff's choice of counsel, and toward that goal, has advanced positions contrary to positions taken on several occasions with identical facts. Such conduct should not be permitted.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that Your Honor deny Defendant's motion to transfer venue.

Respectfully submitted,

FRANKEL & NEWFIELD, P.C.
Attorneys for Plaintiff
585 Stewart Avenue, Suite 301
Garden City, New York 11530

Of Counsel:

Jason Newfield (JN5529)
Justin Frankel (JF 5983)

## CERTIFICATE OF SERVICE

I, Justin C. Frankel, hereby certify that on **December 3, 2007,** a copy of the foregoing Plaintiff's OPPOSITION TO MOTION TO TRANSFER VENUE was filed via ECF to the counsel listed below:

Emily Hayes, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

_____
Justin C. Frankel (JF-5983)

X:\Shared\Barnes\Doc Dem.wpd