# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CANDIES KASTNER, | : |
| Plaintiff, | : 07 CV |
| - against - | : ECF CASE |
| CIGNA LIFE INSURANCE COMPANY OF NEW YORK, | : **COMPLAINT** |
| Defendant. | : |

---

Plaintiff, Candies Kastner, by and through her attorneys, FRANKEL & NEWFIELD, P.C., as and for her Complaint against Defendant CIGNA LIFE ASSURANCE COMPANY OF NEW YORK ("CIGNA"), hereby sets forth the following:

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Candies Kastner, was and still is a resident of the State of Illinois.

2. Upon information and belief, at all times hereinafter mentioned, Defendant CIGNA is a New York Corporation, with its principal place of business at 140 East 45th Street, New York, New York 10017 and is licensed to conduct business in the State of New York. Defendant CIGNA is therefore a citizen of the State of New York, pursuant to 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §1331

because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Southern District of New York is appropriate because Defendant CIGNA resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

6. At all relevant times hereinafter mentioned, Plaintiff was an employee of Universities Research Associations, Inc. ("Universities").

7. During Plaintiff's employment with Universities, CIGNA issued Group Long Term Disability policy number LK 030559 to Universities (the "Policy").

8. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Universities employees in exchange for the payment of premiums by Universities and/or the employees.

9. At all times mentioned herein, Plaintiff was an employee eligible for disability benefits and an insured under the Policy issued by CIGNA.

10. Said policy issued by CIGNA provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

11. During the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

2

12. Plaintiff ceased work as of January 23, 2006.

13. At the appropriate time under the Policy, Plaintiff filed a claim for long term disability benefits with CIGNA.

14. At all relevant times, Plaintiff provided proof of loss to CIGNA demonstrating the inability to perform the duties of her occupation, as that term is defined in the policy.

15. At all times, Plaintiff complied with all of the contractual obligations contained in the Policy.

16. CIGNA denied Plaintiff's application for long term disability benefits.

17. Thereafter, Plaintiff filed an administrative Appeal for benefits pursuant to the terms of the plan and the proscriptions of ERISA.

18. CIGNA upheld its claim determination in a letter dated March 7, 2007.

19. As of this date, Plaintiff continues to be disabled in that she is unable to perform the essential duties of her occupation as a Computer Professional.

20. Plaintiff's disability is caused by, among other things, suffering from Major Depressive Disorder, anxiety, sleep apnea, fatigue, chronic sinusitis, and severe allergies, and the limitations and restrictions in functionality that result from these conditions and from the medications necessary to combat these conditions, which impact her ability to focus and concentrate, cope with and perform under stress, maintain composure, recall information from memory, communicate effectively and express and interpret feelings and points of view, engage in social interaction in the workplace, handle "on-call" duty at night, make judgments and decisions, follow instructions, sustain the motivation and energy necessary to function in the workplace, and her ability to perform even minor cognitive tasks, including but not limited to logical thinking, mathematics,

3

planning, drawling conclusions; and various other impairments which preclude her from working in her regular occupation.

21. Plaintiff cooperated with Defendant CIGNA, provided proper proof of loss, and otherwise complied with the policy terms and conditions regarding her claim.

22. Despite Plaintiff's continued total disability, Defendant has denied payment of any benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

23. Said refusal to pay benefits on the part of Defendant CIGNA is a willful and wrongful breach of the policy terms and conditions.

24. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant CIGNA with the passage of each month.

25. Defendant CIGNA is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and is exposed to substantial future liability to Plaintiff should it accept liability for this claim.

26. Defendant CIGNA's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform any medical examination of Plaintiff, the selective review of medical records, the distortion of medical findings, the failure to fairly, accurately and appropriately understand and consider the essential duties of Plaintiff's occupation, the biased characterization of the demand level of Plaintiff's job, the failure to consider Plaintiff's actual occupation by its failure to perform an adequate vocational analysis, its failure to consider the co-morbid nature of Mrs. Kastner's medical condition(s), and the failure to consider the significant

4

mental, emotional, concentration and stamina requirements and duties of her occupation.

27. Defendant CIGNA's claim handling resulted in numerous violations of 29 CFR § 2560.503-1, including but not limited to its failure to properly issue written notice of a claim determination to Mrs. Kastner upon its adverse benefit determination in August, 2006, commencing an appeal without Mrs. Kastner's direction, prior to issuing a denial and without further submission of support for her position, its failure to provide relevant claim materials in a timely manner despite numerous requests by Mrs. Kastner and her attorneys, and its careless production of sensitive claims materials related to other claimants.

28. Defendant CIGNA's claim handling failed to provide Plaintiff with a full and fair review of her claim.

29. Defendant CIGNA's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant CIGNA's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

30. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month. Upon information and belief, arrears are now due and owing to him, plus prejudgment interest.

31. The Court's review of this action is DeNovo.

32. Plaintiff's claim is not subjected to any mental/nervous limitation.

**WHEREFORE**, Plaintiff Candies Kastner prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the policy of

5

insurance issued by Defendant in that she is unable to perform the essential duties of her occupation;

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and is obligated to pay all benefits in arrears due and owing since the denial of benefits, plus prejudgment interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period in the policy;

d) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

e) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary.

Dated:   Garden City, New York
         March 12, 2007

By: _____Justin C. Frankel_____
Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CANDIES KASTNER,

                Plaintiff,

-against-

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK,

                Defendant.
-----------------------------------------------------------------X

Case No. 07 CV 2147

Judge Karas

**A N S W E R**
\*\*\*\*\*\*\*\*\*\*\*

Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), sued herein erroneously as CIGNA LIFE INSURANCE COMPANY OF NEW YORK, by its attorneys, RUSSO, KEANE & TONER, LLP, as and for its Answer to the Complaint, sets forth the following, upon information and belief:

### THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in the paragraphs of the Complaint designated "1".

2. Denies each and every allegation set forth in the paragraphs of the Complaint designated "2".

### JURISDICTION AND VENUE

3. Admits the allegations set forth in the paragraphs of the Complaint designated "3", "4", "5", "6", "7", "8", "9", "10", "12", "13", "16", "17", "18" and "32".

4. Denies each and every allegation set forth in the paragraphs of the Complaint designated "11", "14", "15", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30" and "31".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. That plaintiff is not entitled to long-term disability benefits under the terms of the policy.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. Plaintiff's causes of action and any recovery to which plaintiff may be entitled, which

right of recovery is hereby specifically denied, are barred and/or limited to the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et. seq. and the decisions of the Supreme Court of the United States pertaining thereto.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. Plaintiff is not entitled to attorneys' fees and/or Pre-Judgment Interest.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. Without admitting that plaintiff is entitled to any long term disability benefits under the terms of the long term disability policy, the defendant refers to the specific language of the policy and reserves its rights to offset against monthly benefits the amounts of other benefits which the plaintiff receives on account of her disability.

WHEREFORE, defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), sued herein erroneously as CIGNA LIFE INSURANCE COMPANY OF NEW YORK, demands judgment dismissing the complaint of the plaintiff together with costs and disbursements of this action.

Dated: New York, New York
       May 10, 2007

Yours, etc.

s/ Kevin G. Horbatiuk
Kevin G. Horbatiuk (KH4977)
RUSSO, KEANE & TONER, LLP
Attorneys for Defendant(s)
26 Broadway, 28th Floor
New York, New York 10004
(212) 482-0001
Fax: (212) 482 0002
RKT File No. 820.255

TO: FRANKEL & NEWFIELD, P.C.
    Attorneys for Plaintiff
    585 Stewart Avenue, Suite 301
    Garden City, New York 11530
    (516) 222 1600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CANDIES KASTNER,

                       Plaintiff,

-against-

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK,

                       Defendant.
-----------------------------------------------------------------X

Case No. 07 CV 2147

Judge Karas

AFFIDAVIT OF SERVICE

State of New York, County of New York, ss:

    Rose DeLuccio, being duly sworn, deposes and says:

    That deponent is not a party of this action, is over 18 years of age and resides in the County of Richmond, State of New York.

    That on May 10, 2007, deponent served the within **ANSWER** upon:

FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 301
Garden City, New York 11530

the address designated by said attorney(s) for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                    s/ Rose DeLuccio
                                                    Rose DeLuccio

Sworn to before me on
May 10, 2007

s/Kathleen Cush
Kathleen Cush
Notary Public, State of New York
No. 01CU4824622
Qualified in Kings County
Commission Expires May 31, 2010