# EXHIBIT D

Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JANE BARNES,          :
                               :

                  Plaintiff,      :
                               :

         - against -         :       07cv6103 (SHS)
                               :

LIFE INSURANCE COMPANY     :
OF NORTH AMERICA           :
                               :

                Defendant.     :

------------------------------------------------------------

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to 30(b)(6) of the Federal Rules of Civil

Procedure, on **January 3, 2008**, at 10:00 a.m., at the office of FRANKEL & NEWFIELD, P.C.,

Plaintiff JANE BARNES will take the deposition upon oral examination of Defendant LIFE

INSURANCE COMPANY OF NORTH AMERICA, who shall designate one or more representatives

to testify in regard to the following subject areas, which are known or reasonably available to the

Defendant. For each subject area, the relevant time period is January 2003 to the present.

1. Knowledge of Defendant's procedural administration of Plaintiff's claim for benefits, and subsequent termination of disability income benefits by Defendant, including the receipt and evaluation of records, whether medical, pharmaceutical, financial, vocational, factual, or legal;

2. Knowledge of Defendant's agreements, including the terms, meaning and/or import, whether oral or written, by and between Defendant and any third party involved in any manner with the administration of Plaintiff's claim for benefits, including but not limited to compensation to any third party for its role in administrating or processing the claim in this case.

3. Knowledge of statistics or data regarding the number of group long term disability claims handled by the Defendant and/or any affiliated CIGNA Administrator for the period from 2003 to present.

4. Knowledge of agreements and communications relating to agreements between Defendant and/or any CIGNA entity that were involved in any manner with the administration or processing of Plaintiff's claim.

5. Knowledge of Defendant's procedures and guidelines in connection with the processing, assessing, approving and denying of group disability claims for the time period 2003 to the present.

6. Knowledge of Defendant's compliance with 29 C.F.R § 2560.503-1 with respect to Plaintiff's claim.

Dated:  Garden City, New York
      November 27, 2007

By:   Justin C. Frankel
     Frankel & Newfield, P.C.
     585 Stewart Avenue, Suite L-50
     Garden City, New York  11530

     Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Justin C. Frankel  hereby certify that on November 27, 2007, Plaintiff's Notice of Deposition pursuant to FRCP 30(b)(6) was sent via FACSIMILE & First Class Mail to the counsel listed below, by United States mail, postage prepaid:

**VIA FACSIMILE (914)323-7001**
**AND FIRST CLASS MAIL**
Emily Hayes, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

_____
Justin C. Frankel (JF-5983)

Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

JANE BARNES,                              :
                                          :
                    Plaintiff,            :
                                          :
        - against -                       :    07cv6103 (SHS)
                                          :
LIFE INSURANCE COMPANY                    :    **PLAINTIFF'S FIRST SET OF**
OF NORTH AMERICA                          :    **INTERROGATORIES**
                                          :
                                          :
                    Defendant.            :

-----------------------------------------------------------

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 33 of the Federal Rules

of Civil Procedure and Local Civil Rules 33.3 and 33.4, Plaintiff Jane Barnes demands that

Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA serve answers to the

following interrogatories under oath within thirty (30) days from the date of service hereof in

accordance with the definitions and instructions attached hereto and made a part hereof.

PLEASE TAKE FURTHER NOTICE, that, pursuant to Rule 26(e) of the Federal

Rules of Civil Procedure, Defendant has a duty to seasonably supplement or amend its initial

answers to these Interrogatories.

## INSTRUCTIONS

1.    You are required, in responding to these interrogatories, to obtain and furnish all information available to you and any of your representatives (as hereinafter defined), employees, agents, servants or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants or attorneys.

2.    Each interrogatory which seeks information relating in any way to communications, to or from or within a business and/or corporate entity, is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

3.    Each interrogatory shall be answered completely, separately, and fully.

4.    If any privilege is asserted as to any information requested, or as to any documents required to be identified or produced by an interrogatory:

      a.    State the precise nature of the privilege claimed;

      b.    State the basis for privilege claimed relative to the specific information contained in the document;

      c.    State all facts contained within the document, deleting only opinions, theories, mental impressions and non-factual statements;

      d.    If privilege is asserted with respect to any information, identify each person who has knowledge of such information, or to whom such information has been communicated in any matter or fashion, whether or not privilege is claimed with respect to such communication;

2

e.    If privilege is asserted as to any document, identify such document in accordance with the definition of "identify" as set forth in definition "4", below.

5.    If you are unable to answer any interrogatory with precision, state the types of additional information you would require to formulate a precise answer, and describe the facts which formulate the basis of your response to the interrogatory.

6.    If in response to any interrogatory you specify documents or records from which the answer may be derived, for each such response:

a.    Identify the relevant document or record;

b.    Identify each index which pertains in whole or part to such document or record; and

c.    Describe the most efficient method by which the information requested by the interrogatory can be ascertained.

7.    The following rules of construction apply to all discovery requests:

a.    All/Each. The term "all" and "each" shall be construed as all and each.

b.    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3

## DEFINITIONS

1.    Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

3.    Identify (With Respect to Persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

4.    Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, (i) the type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) its authors(s), addressee(s) and recipient(s).

5.    Parties. The term "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the instant litigation.

6.    Person. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

4

7.    Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.    Representative. The term "representative" refers to and includes any person, including your attorneys, agents and brokers, who acts, has acted, or has by any person been requested or solicited to act, at your request, for your benefit or on your behalf or who acts or has acted or your behalf or for your benefit with your knowledge, consent or acquiescence.

9.    Fact. The term "fact" refers to all evidentiary facts presently known to you and all evidentiary facts, the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

10.    Consulted or Contacted. The terms "consulted" or "contacted" shall be deemed to include any form of communication (e.g., oral statements, descriptive actions, conversations, telephonic or other mechanical communication or any other type of communication including written letters or documents).

11.    Conversation. The term "conversation" shall refer to any manner of oral communication regardless of the medium by which such communication took place. Where identification of conversation is required, the following shall be separately stated as to each communication: the date, the place at which it took place and/or the medium involved; the identification of the persons involved, including their business affiliations at the time and presently; the substance of the communications; and the identification of any other persons who, though not present or involved, possess information concerning the existence or nature of said communication.

12.    The term "Insured" at all times refers to Plaintiff, JANE BARNES.

5

13. "Claims Personnel" refers to any and all claims examiners, supervisors, managers, officers, and directors that are either employed by, or are independent contractors of, LIFE INSURANCE COMPANY OF NORTH AMERICA who participate in any way in the setting of policy, delineation of procedures, or handling of disability claims.

15.    "Medical Personnel" means any and all individuals that are either employed by, or are independent contractors of LIFE INSURANCE COMPANY OF NORTH AMERICA who set policy, delineate standards, or handle the evaluation of the medical condition of insureds with regard to disability insurance claims. These personnel include, but are not limited to, medical doctors, chiropractors, physical therapists, nurses, and any other personnel employed within any division or unit of LIFE INSURANCE COMPANY OF NORTH AMERICA in connection with the foregoing.

16.    "LINA" or "Defendant" or "CIGNA" refers to CIGNA Corporation or any of its insuring subsidiaries or affiliates.

## INTERROGATORIES

Interrogatory No. 1:

Identify the individuals who were involved or participated in any manner in Plaintiff's claim for disability benefits and subsequent termination of disability income benefits by Defendant including, but not limited to, each and every claim adjuster, claim supervisor, claim manager, claim committee person, members of SIU, legal counsel (whether in house or outside counsel),vocational personnel, non-parties and employees, agents and/or servants of the Defendant, whether or not such individuals are identified within the claim file, including any supervisors or any of the claim adjusters that handled this claim. By involved, this interrogatory

6

seeks identification of any person who reviewed any materials, discussed the claim in any manner, or otherwise played a role in the handling of the claim.

A)  In responding to this interrogatory, Defendant should provide the last known address of the designated individual and whether he or she is employed by or under the control of the Defendant.

B)  In responding to this interrogatory, please identify whether any person identified above had an employment agreement, independent contractor agreement, or any other type of compensation agreement that was in writing.

C)  In responding to this interrogatory, please identify the employer for each individual.

D)  In responding to this interrogatory, please identify which company paid the individual.

Interrogatory No. 2:

Specifically identify each underwriting company that each individual identifid in Interrogatory No. 1 reviews or analyzes claims for.

Interrogatory No. 3:

Identify any and all medical professionals, including, but not limited to, nurses, physical therapists and medical doctors who participated in any way in the Plaintiff's claim for disability benefits under the subject policy and subsequent denial or termination of disability benefits by Defendant under the subject policy, whether or not any such individual is identified in the claim file. In response to this interrogatory, provide the last known addresses of each individual and whether he or she is employed by or under the control of Defendant.

Interrogatory No. 4:

Specifically identify each underwriting company that each individual identifies in Interrogatory No. 3 reviews or analyzes claims for.

Interrogatory No. 5:

Identify whether any personnel involved with Plaintiff's claim handles claims for CLICNY, Connecticut General, or any CIGNA subsidiary or affiliate.

Interrogatory No. 6:

Identify how claim handling for Group LTD claims is broken up, whether by location, by impairment, block of business, or otheriwse.

Interrogatory No. 7:

State whether LINA relied upon the Book of Knowledge in evaluating Plaintiff's occupational duties.

Interrogatory No. 8:

Identify whether LINA issues any policies in New York, or has issued any policies in New York.

Interrogatory No. 8:

Identify whether any LINA policies or claims were every administered, review or analyzed in New York.

Interrogatory No. 9:

Identify whether any claim personnel who review LINA claims review any other CIGNA

affiliates or subsidiaries claims contemporaneously.

    (A)    If yes, identify the insuring affiliate or subsidiary.

Interrogatory No. 10:

Identify all legal actions against LINA which were commenced in any court in NY (Federal or State) in the last 4 years.

Dated:  Garden City, New York
         November 27, 2007

                           By:    Justin C. Frankel
                               FRANKEL & NEWFIELD, P.C.
                               585 Stewart Avenue, Suite 301
                               Garden City, New York  11530
                               (516) 222-1600

                               Attorneys for Plaintiff

9

## CERTIFICATE OF SERVICE

I, Justin C. Frankel, hereby certify that on **November 27, 2007**, Plaintiff's First Set of

Interrogatories was Faxed and mailed to the counsel listed below, by United States mail, postage

prepaid:

> **VIA FACSIMILE (914)323-7001**
> **AND FIRST CLASS MAIL**
> Emily Hayes, Esq.
> Wilson Elser Moskowitz Edelman & Dicker, LLP
> 3 Gannett Drive
> White Plains, NY 10604
>
> Justin C. Frankel (JF-5983)

10

Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

JANE BARNES,                             :
                                         :
                        Plaintiff,       :
                                         :
            - against -                  :        07cv6103 (SHS)
                                         :
LIFE INSURANCE COMPANY                   :        **PLAINTIFF'S FIRST SET OF**
OF NORTH AMERICA                         :        **DOCUMENT DEMANDS**
                                         :
                                         :
                        Defendant.       :
---------------------------------------------------------

Plaintiff JANE BARNES hereby requests, pursuant to Rules 26 and 34 of the Federal

Rules of Civil Procedure, that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA

("LINA") produce the documents designated herein for inspection and copying at the offices of

FRANKEL & NEWFIELD, P.C., 585 Stewart Avenue, Garden City, New York 11530, within thirty

(30) days after the date of service hereof.

### DEFINITIONS AND INSTRUCTIONS

Unless specifically indicated or otherwise required by the context in which the terms, names,

and instructions are used, the following definitions and instructions shall be applicable to this

Request for Production of Documents:

Incorporated herein by reference is Rule 26.3 of the Local Civil Rules of the United States

District Courts for the Southern and Eastern Districts of New York governing uniform definitions and discovery requests.

1.      The term "document" means all writings of any kind including, without limitation, correspondence, memoranda, notes, diaries, logs, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, news articles, prospectuses, inter-office and intra-office communications, offers, notations of any kind regarding conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, telefaxes, mailgrams, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any kind; and electronic, mechanical, or electrical records or representations of any kind, including without limitation, photographs, charts, graphs, microfilm, microfiles, videotapes, records, motion pictures, tapes, cassettes, discs, and recordings.

2.      The term "possession, custody, or control" includes, without limitation, possession, custody, or control of Defendant or any persons or entities acting or purporting to act on its behalf, whether as agent, accountant, employee, attorney, sponsor, spokesman, or otherwise.

3.      The term "and" and "or" shall be construed disjunctively or conjunctively, as necessary to make the request inclusive rather than exclusive.

4.      The use of the singular shall include the plural and vice versa, and the use of the masculine shall include the feminine, and vice versa, as the context requires.

5.      The term Defendant refers to Life Insurance Company of North America ("LINA"), CIGNA, or and CIGNA affiliated entity or subsidiary.

6.      In the event that any document called for by this Request for Production of

2

Documents is not produced:

    (a)    Identify each such document;

    (b)    Set forth the reason why the document has not been produced (e.g., not in your custody, possession, or control; destruction; claim of privilege);

    (i)    If the document is not produced on the basis of a claim of privilege, set forth the nature of the privilege asserted, and the relationship to Defendant of each person or entity to whom each such document was transmitted or shown, or to whom the information therein was disclosed; and

    (ii)    If the document is in the possession of a person or business entity other than Defendant over which Defendant has no control:

        (A)    Set forth whether and when the document was in your possession;

        (B)    Set forth what disposition was made of the document; and

        (C)    Identify the person or entity which is presently in possession of the document;

    (iii) If the document was destroyed:

        (A)    Set forth the date of destruction;

        (B)    Set forth the manner of destruction;

        (C)    Set forth the reason for destruction;

        (D)    Set forth the name and address of the person authorizing the destruction; and

        (E)    Set forth the name and address of the person who destroyed

3

the document.

5.　　The term "Insured" at all times refers to Plaintiff JANE BARNES.

4

## DOCUMENTS REQUESTED

1.      All documents, including correspondence, written communications and notes of oral communications between the Insured and the Defendant, its successors, agents, servants and employees, whether contained within the claim file or outside of the claim file.

2.      Any and all documents, notes, recordings, message slips, correspondence, and memoranda pertaining to telephone conversations between the Insured, her agents or representatives, and Defendant, its successors, agents, servants and employees regarding all matters involving the claim at issue, whether or not such material is contained in the claim file, whether contained within the claim file or outside of the claim file.

3.      All correspondence, written communications and notes of oral communications between Defendant and any other individuals and/or entities relating in any manner to the Insured, including but not limited to attorney communications whether in house legal department, or outside counsel.

(A) If any such correspondence or notes of any communications or memos exist, and Defendant claims any type of privilege, a privilege log must be provided in compliance with the Local Rules.

4.      All documents including, but not limited to, memoranda, manuals, notices and correspondence generated and/or authored by the Defendant or any CIGNA affiliated entity, its successors, agents, servants and employees pertaining to Defendant's procedures and guidelines in connection with the processing, assessing, approving and denying disability income claims for the time period 2003 to the present.

5.      Documents including, but not limited to, financial reports of Defendant and

its successors demonstrating the assets, liabilities, profits and losses for the years 2003 through the present showing the corporate structure of Defendant.

6.    All documents identified in Plaintiff's First Set of Interrogatories.

7.    All documents showing the corporate structure of CIGNA Corporation or its subsidiaries and affilliates.

8.    Any and all contracts, operating and/or other servicing agreements between and/or among LINA or any CIGNA affiliate or subsidiary and any independent contractor, such as a outside physician or private investigator, who were used to evaluate and investigate Plaintiff's claim.

9.    Any and all contracts, operating and/or other servicing agreements between and/or among Plaintiff's employer and LINA or CIGNA Corporation and its subsidiaries and affiliates.

10.    All relevant document as defined in 29 CFR § 2560.503-1(h) including but not limited to documents which:

(i) Was relied upon in making the benefit determination;

(ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required in making the benefit determination; and

(iv) Constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to

6

whether such advice or statement was relied upon in making the benefit determination.

Dated: Garden City, New York
     November 27, 2007

By:    Justin C. Frankel (JF-5983)
       FRANKEL & NEWFIELD, P.C.
       585 Stewart Avenue, Suite 301
       Garden City, New York 11530
       (516) 222-1600

       Attorneys for Plaintiff

7

## CERTIFICATE OF SERVICE

I, Justin C. Frankel, hereby certify that on **November 27, 2007,** a copy of the foregoing Plaintiff's First Request For Production of Documents was faxed and mailed by first-class mail to the counsel listed below:

**VIA FACSIMILE (914)323-7001**
**AND FIRST CLASS MAIL**
Emily Hayes, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

Justin C. Frankel (JF-5983)

X:\Shared\Barnes\Doc Dem.wpd

8

Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JANE BARNES,                                      :
                                                  :
                              Plaintiff,          :
                                                  :
              - against -                         :          07cv6103 (SHS)
                                                  :
LIFE INSURANCE COMPANY                            :
OF NORTH AMERICA                                  :
                                                  :
                                                  :
                              Defendant.          :

------------------------------------------------------------

### NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, on **January 4, 2008**, at 10:00 a.m., at the office of FRANKEL & NEWFIELD, P.C.,

Plaintiff JANE BARNES will take the deposition upon oral examination of GARY PERSON at the

offices of Plaintiffs' attorneys, FRANKEL & NEWFIELD, P.C., 585 Stewart Avenue, Suite 301,

Garden City, New York 11530, beginning at 10:00a.m.  To the extent permitted by applicable rules,

the deposition may continue on subsequent dates to be scheduled later.

This Notice of Deposition requires the appearance of the above-named deponent for the

entirety of the Deposition.  The deposition will be recorded by stenographic means.

Dated: Garden City, New York
      November 27, 2007

By:    Justin C. Frankel
        Frankel & Newfield, P.C.
        585 Stewart Avenue, Suite L-50
        Garden City, New York  11530

        Attorneys for Plaintiff

X:\Shared\Barnes\Person Dep notice.wpd

## CERTIFICATE OF SERVICE

I, Justin C. Frankel  hereby certify that on November 27, 2007, Plaintiff's Notice of Deposition was sent via FACSIMILE & First Class Mail to the counsel listed below, by United States mail, postage prepaid:

**VIA FACSIMILE (914)323-7001**
**AND FIRST CLASS MAIL**
Emily Hayes, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604

_____
Justin C. Frankel (JF-5983)